IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
Huntington Division

AMANDA STEVENS, on behalf
of herself and all others
similarly situated,

   PLAINTIFF

V.                                                CIVIL ACTION NO.  3:24-cv-00501

MIDLAND CREDIT MANAGEMENT, INC.,
And MIDLAND FUNDING, LLC

   DEFENDANTS

## CLASS ACTION COMPLAINT

1.     The Plaintiff, Amanda Stevens, is a resident of Cabell County, West Virginia.

2.     The Defendant, Midland Credit Management, Inc. (hereinafter "MCM,") is a corporation created under the laws of Delaware with its principal offices located at 3111 Camino Del Rio North, Suite 103, San Diego, CA 92108, and the members of the corporation are all residents and citizens of the state of California.

3.     The Defendant, Midland Funding, LLC (hereinafter "MF,") is a corporation created under the laws of Delaware with its principal offices located at 8875 Aero Drive, Suite 200, San Diego, CA 92123, and the members of the corporation are all residents and citizens of the state of California.

### JURISDICTION AND VENUE

4.     The Court has jurisdiction over this class action under 28 U.S.C. §1331, 15 U.S.C. §1692, *et seq*., and 28 U.S.C. §2201. The court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. 1367(a).

5.   Venue is proper in this jurisdiction pursuant to 28 U.S.C. §1391(b)(2).

## THE PARTIES

6.   Plaintiff brings this action in her own right and as representative of a class of West Virginia consumers more particularly defined herein.

7.   Plaintiff is a "consumer" as defined by the *West Virginia Consumer Credit Protection Act* (WVCCPA), *West Virginia Code* §46A-2-122(a) who incurred an obligation for a debt for personal, family or household expenses.

8.   Plaintiff is a "consumer" as defined by *Fair Debt Collections Practices Act* (FDCPA), 15 U.S.C. §1692a(3).

9.   MCM and MF are each a "debt collector" engaged in "debt collection" of a "claim" from a "consumer" all as defined by WVCCPA, *West Virginia Code* §46A-2-122.

10.   MCM and MF are each a "debt collector," as defined under the FDCPA by 15 U.S.C. §1692a(6).

## OPERATIVE FACTS

11.   MCM mailed a collection letter to Plaintiff Amanda Stevens dated June 12, 2024, and at other times better known to MCM, to collect a debt when the debt was beyond the statute of limitations for filing a legal action for collection.

12.   The collection letters sent by MCM advised Plaintiffs, "As the legal owner of this account we are entitled to repayment. If we don't hear from you or receive payment by 7/12/2024, we will review your account for further collection activities," when, at those times, MCM and the owner of the debt, Midland Funding, LLC, was legally barred from suing to collect the debt because the debt was beyond the statute of limitations. Similarly,

the letter stated, "If plans are not made to resolve this past due balance, we will continue collection efforts."

13.    Upon information and belief, MCM sent the same or similar letters to West Virginia consumers on or after June 12, 2020, seeking to collect debt when the debt was beyond the statute of limitations for filing a legal action for collection.

## CLASS ALLEGATIONS

14.    Plaintiff brings this action individually and on behalf of all others similarly situated.

15.    The class of consumers represented by Plaintiff in this action is defined as:

All persons with a West Virginia address who were sent collection letters on or after June 12, 2020, by MCM where the alleged debt sought to be collected was beyond the applicable statute of limitations for filing a legal action for collection when:

a.    The initial letter sent on or after June 12, 2020 did not contain the disclosures required by the WVCCPA, *West Virginia Code* §46A -2-128(f); or

b.    Any letter contained the words "As the legal owner of this account we are entitled to repayment," or

c.    Any letter stated, "we will review your account for further collection activities," or "we will continue collection efforts."

16.    Defendants have corporate policies and procedures regarding the collection of debts allegedly owed by West Virginia consumers such as Plaintiff. Defendants carry

out their policies and procedures through the use of standardized collection activities, including the use of standardized letters.

17.    The class can be readily identified by collection activity logs, claim records and computer storage devices or databases, maintained by Defendants and/or their employees, representatives or agents.

18.    The class is so numerous that joinder of all class members is impracticable. The precise number of class members and their addresses are unknown to Plaintiff; however, they are readily available from Defendants' records. Class members may be notified of the pendency of this action by mail, supplemented (if deemed necessary or appropriate by the Court) by published notice.

19.    This action involves questions of law and fact common to the class which predominate over questions affecting individual class members.

20.    Plaintiff's claims are typical of the claims of the class because, among other things, Plaintiff, like the other members of the class, were subjected to a claim by Defendants to pay an alleged debt when the alleged debt was beyond the statute of limitations and received the same or nearly identical letters as all other class members.

21.    Plaintiff has displayed an interest in vindicating the rights of the class members, will fairly and adequately protect and represent the interest of the class, and is represented by skillful and knowledgeable counsel.  Plaintiff's interests do not conflict with those of the class and the relief sought by Plaintiff will inure to the benefit of the class generally.

22.    The questions of law and fact that are common to the class members predominate over questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy between the class members and Defendants.

23.    The actions of Defendants are generally applicable to the class as a whole and to Plaintiff.  For example, the class members can prove the elements of their claims against Defendants for violations of the FDCPA and the WVCCPA on a class-wide basis using the same evidence that Plaintiff and individual class members would use to prove those claims in individual civil actions.

24.    Additionally, the damages or other financial detriment suffered by individual class members is relatively small compared to the burden and expense that would be required to individually litigate each of the class member's claims against Defendants and it would be impracticable for the class members to individually seek redress for the Defendants' wrongful conduct.

25.    Even if the members of the class could afford individual litigation, given the expected size of the class, separate litigation of each class member's claims against Defendants would create the potential for inconsistent and/or contradictory judgments, and cause delay and increase the expenses for the parties and the court in adjudicating the claims against Defendants.  Conversely, a class action will prevent far fewer management difficulties, provide the benefits of a single adjudication, conserve time, effort and expense,

employ comprehensive and cohesive supervision by a single court, and provide a forum for small claimants.

26.     The prosecution of separate actions by the individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual class members which would establish incompatible standards of conduct for Defendants. Moreover, the likelihood that individual members of the class will prosecute separate actions is remote due to the time and expense necessary to conduct such litigation.

27.     Defendants have acted on grounds generally applicable to the class, thereby making appropriate final injunctive relief with respect to the members of the class as a whole.

28.     Any difficulties in management of this case as a class action are outweighed by the benefits that a class action has to offer with respect to disposing of common issues of law and fact on issues affecting a large number of litigants.

29.     The damages in this case are set by statute and generally preclude the necessity of a case-by-case assessment of damages by the court. To the extent case-by-case assessment is necessary, Defendants maintain computerized individual account information, and that information can easily be reviewed and assessed electronically. Plaintiffs are unaware of any litigation concerning this controversy already commenced by others who meet the criteria for class membership as described above.

30.     Plaintiff's claims are typical of those of the class as a whole, and Plaintiff is capable of and willing to represent the other members of the class.

## COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

31.    The attempt by MCM and MF to collect time-barred debt from Plaintiff and the class of persons they represent violates 15 U.S.C. §1692 of the FDCPA.

32.    Chapter 15 U.S.C. §1692e states the debt collector may not use any false, deceptive or misleading representation or means in connection with the collection of any debt.

33.    The Defendants violated Chapter 15 U.S.C. §1692e by:

a.    Falsely representing the legal status of a debt in violation of 15 U.S.C. §1692e(2)(A)[1], §1692e(5)[2] and §1692e(10)[3] by advising the Plaintiffs and the class of persons Plaintiffs represent, that MCM "As the legal of this account we are entitled to repayment. If we don't hear from you or receive payment. . . we will review your account for further collection activities," and threatening to "continue collection efforts" if payment is not made;

34.    By reason thereof, Defendants are liable to Plaintiff and the class of persons they represent for judgment that the conduct of MCM violated Section 1692e *et seq*. of the FDCPA, as well as actual damages, statutory damages, costs and attorney fees.

---

[1] "The false representation of the character, amount, or legal status of any debt".
[2] "The threat to take any action that cannot legally be taken or that is not intended to be taken."
[3] "The use of any false representation or deceptive means to collect or attempt to collect any debt…"

## COUNT II

### INDIVIDUAL AND CLASS CLAIMS FOR VIOLATION OF THE WEST VIRGINIA CONSUMER CREDIT AND PROTECTION ACT (WVCCPA)

35.    MCM's use of the phrases "As the legal of this account we are entitled to repayment. If we don't hear from you or receive payment. . . we will review your account for further collection activities," and threatening to "continue collection efforts" if payment is not made" or words of similar import, when sending a collection letter to Plaintiff or the class of persons they represent, when the debt was beyond the statute of limitations and MCM was legally barred from suing upon the debt was:

a.    An unreasonably oppressive means to collect the debt in violation of *West Virginia Code* §46A -2 125;

b.    A false representation or implication of the character, extent or amount of the claim against the consumer, or its status in any legal proceeding, in violation of *West Virginia Code* §46A-1-127(d); and

c.    A threat to take action prohibited by the WVCCPA or other law regulating MCM's conduct, in violation of *West Virginia Code* §46A-2-124(f).

36.    All of Defendants' acts complained of herein were "willful" within the meaning of *West Virginia Code* §46A-5-103(4) and criminal within the meaning of *West Virginia Code* §46A-5-105.

37.    By reason thereof, Defendants are liable to Plaintiff and the class of persons she represents for judgment that Defendants' conduct violated the WVCCPA, §46A-1-101 *et seq*., as well as actual damages, statutory damages, costs and attorney fees.

### DEMAND FOR RELIEF

**WHEREFORE**, Plaintiff and each member of the class she represents demand the following relief:

A.    That the Court enjoin Defendants from attempting to collect time-barred debt in the State of West Virginia without complying with *West Virginia Code* §46A-2-128(f);

B.    That actual damages and the statutory penalty, adjusted for inflation, pursuant to *West Virginia Code* §§46A-2-101(1) and 106 be awarded to Plaintiffs and each member of the class they represent for each violation of the WVCCPA;

C.    That actual damages and the statutory penalty pursuant to 15 U.S.C. §1692k(a)(2)(A) be awarded to Plaintiff and each member of the class they represent for violation of the FDCPA;

D.    That Defendants be ordered to account for all time-barred debt collected from the class and reimburse each such member of the class all monies collected with interest thereon for the four-year period preceding the filing of this action; and

E.    That Defendants be ordered to pay reasonable attorney fees and costs pursuant to the provisions of *West Virginia Code* §46A-5-104; and 15 U.S.C. §1692k(a)(3).

F.    For such other and further relief as the Court may deem appropriate.

> **AMANDA STEVENS, on behalf of themselves and all others similarly situated**
>
> BY COUNSEL

/s/ Benjamin Sheridan

Benjamin Sheridan (W. Va. Bar # 11296)
Jed R. Nolan (W. Va. Bar #10833)
Klein & Sheridan, L.C.
3566 Teays Valley Road
Hurricane, WV 25525
304-562-7111
ben@kleinsheridan.com
jed@kleinsheridan.com

Patricia M. Kipnis (WVSB #12896)
Bailey & Glasser LLP
923 Haddonfield Road
Suite 300
Cherry Hill, New Jersey 08002
(856) 324-8219
pkipnis@baileyglasser.com

Jonathan R. Marshall (WVSB #10580)
Denali Hedrick (WVSB #14066)
Bailey & Glasser LLP
209 Capitol Street
Charleston, WV 25301
(304) 345-6555
jmarshall@baileyglasser.com
dhedrick@baileyglasser..com